**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-00188-CMA-NRN

BERT SMITH,

　　　Plaintiff,

v.

ANDRES ABALOS,
VINCENT ROMERO,
WILLIAM BAILEY,
MARVEL WOLKEN,
MARCIA JACKSON,
BENETTA CRUZ, and
CONNIE PALM,

　　　Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE N. REID NEUREITER**

---

　　　This matter is before the Court on the Recommendation (Doc. # 190) of United States Magistrate Judge N. Reid Neureiter, wherein he recommends that this Court grant Defendants Vincent Romero, Marvel Wolken, Marcia Jackson, Benetta Cruz, Connie Palm, Andres Abalos, and William Bailey's Motion for Summary Judgment (Doc. # 164). Plaintiff filed an Objection (Doc. # 191) to the Recommendation on December 27, 2018, and Defendants filed a Response (Doc. # 197) on January 25, 2019. For the reasons that follow, the Court affirms and adopts the Recommendation.

## I. BACKGROUND

The Magistrate Judge's Recommendation (Doc. # 190) provides an extensive recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's Objection.

Plaintiff Bert Smith is a former inmate who was incarcerated at Arrowhead Correctional Center in Canon City, Colorado. (Doc. # 191 at 1.) During his incarceration, Plaintiff participated in a Colorado Department of Corrections Alcohol and Drug Services Program for inmates known as the Crossroads to Freedom House Therapeutic Community ("the Program"). Plaintiff raises two claims for relief against Defendants— individuals who are Program staff members and counselors—pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that while he was participating in the Program, Defendants violated his First Amendment rights to freedom of religion and freedom of speech. Plaintiff adheres to a religion he claims to have founded called, "Pneumatism." (Doc. # 150 at 6; Doc. # 174-4 at 2.) Pneumatism is "rooted in ethical monotheism and the notion of one source of morality derived from one god. However, Pneumatism holds that scientific fact and reason should govern above all else, including one's belief in god." Additionally, the religion "rejects lying, falsifying documents and pseudoscience" and "requires the correction of hazardous and denigrating error and the application of rational argument using accurate facts." Plaintiff asserts that Defendants forced him to violate his religious beliefs by, *inter alia*, reciting the Program mantra—which includes a

statement that Program participation is voluntary and facilitated by a higher power—and being compelled to fabricate misbehavior reports about himself and others. (Doc. # 150 at 7–8.)

Plaintiff further alleges that Defendants violated his First Amendment rights by retaliating against him for filing grievances against them. Relevant here, Plaintiff asserts that he was terminated from the program on April 23, 2015, in retaliation for grievances he filed, which pertained to an incident that occurred the day before. (*Id.* at 14.) On April 22, 2015, Plaintiff had a confrontation with Defendant Marcia Jackson, who is a Program psychotherapist. (Doc. # 164-1 at 2.) According to Plaintiff, Defendant Jackson informed Plaintiff that he was supposed to attend a Personal Development class. (Doc. # 174 at 11.) However, Plaintiff claims that he "was not aware that a Personal Development class was on his schedule." Therefore, Plaintiff sought to issue a grievance against Defendant Jackson "for assuming that the Personal Development class was on his schedule," and he entered the class and informed Defendant Jackson of his intentions.

Defendant Jackson interpreted Plaintiff's conduct as aggressive and threatening because he interrupted the class, raised his voice, and blocked the door during their encounter. (Doc. # 164-1 at 5.) Plaintiff disputes Defendant Jackson's interpretation of the incident, claiming that his behavior was neither threatening nor aggressive and further claiming that he did not raise his voice. (Doc. # 174 at 3.)

The next day, Plaintiff submitted two informal grievances against Defendant Jackson. Several hours later, Plaintiff was terminated from the Program after the staff

3

had been notified of the incident on April 22. It is undisputed that the cited reason for Plaintiff's termination was "his aggressive outburst toward Program clinical staff on 04/22/2015." (Doc. # 164-3 at 7.) The Treatment Discharge Recommendation that Defendant Benetta Cruz issued on April 23, 2015, further notes that Plaintiff "has been addressed on multiple occasions for his aggressive, passive aggressive, and threatening behaviors towards [Program] staff." (*Id.*) However, Defendant disputes that he had a history of such behavior. (Doc. # 174 at 2.)

## II. STANDARDS OF REVIEW

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). Additionally, "[i]ssues raised for the first time in objections to [a] magistrate judge's recommendation are deemed waived."[1] *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the

---

[1] Plaintiff's argument that "while Pneumatism is not a widely recognized religion, the tenet of Pneumatism at issue . . . is recognized in almost all mainstream religions and therefore deserves protection under the First Amendment regardless of the name of the religion under which it is invoked" was raised for the first time in Plaintiff's Objection. (Doc. # 191 at 2–4.) Therefore, because that argument was not presented to Magistrate Judge Neureiter, it is waived, and the Court need not address it. *See, e.g.*, *Conroy v. Estate of Barker*, No. 14-cv-02672-CMA-KLM, 2017 WL 5952709, at *1 n.1 (D. Colo. Dec. 1, 2017) (declining to address arguments raised for the first time in a plaintiff's objection to a magistrate judge's recommendation).

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.      MOTION FOR SUMMARY JUDGMENT**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court may not resolve issues of credibility, and must view the evidence in the light most favorable to the non-moving party—including all reasonable inferences from that evidence. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of genuine dispute of material fact and entitlement to judgment as a matter of law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may

not simply rest upon its pleadings to satisfy this burden. *Id.*; *Celotex Corp.*, 477 U.S. at 324. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmoving party." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, . . . specific exhibits incorporated therein," *id.*, or any other kind of "evidentiary materials listed in Rule 56(c), except the mere pleadings themselves," *Celotex Corp.*, 477 U.S. at 324 (emphasis added).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### III.    ANALYSIS

Plaintiff's Objection presents two separate arguments. However, Plaintiff's first argument—that if a purported religion shares a feature with "mainstream" religions, it is entitled to First Amendment protection—is waived because it was not raised before Magistrate Judge Neureiter. *See supra* note 1. Therefore, Plaintiff's Objection raises the single question of whether Magistrate Judge Neureiter failed to consider Plaintiff's retaliation claim "based on the constitutionally protected activity of filing grievances." (Doc. # 191 at 4.) The Court will review that issue de novo.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Dawson v. Audet*, 636 F. App'x 753, 755–56 (10th Cir. 2016) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998)).

6

In particular, officials may not retaliate against prisoners for filing administrative grievances. *Id.* (citing *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010)). To prove a claim for retaliation, a plaintiff must show: (1) he was engaged in constitutionally protected activity; (2) the defendant caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's "action was substantially motivated as a response to [the plaintiff's] exercise of constitutionally protected conduct." *Id.* (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)). To satisfy the third element, a plaintiff must establish that "*but for* the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Id.* (emphasis added) (quoting *Peterson*, 149 F.3d at 1144). If a plaintiff cannot satisfy the but for causation element, courts need not consider the remaining factors. *See id.* at 757.

Assuming, *arguendo*, that Plaintiff was engaged in protected activity and that he suffered the requisite injury, Plaintiff has failed to meet his burden with regard to but for causation.

In his brief responding to Defendants' Motion for Summary Judgement—and again in his Objection to the Magistrate Judge's Recommendation—Plaintiff argues that he may met his burden of proving that Defendants' conduct was "substantially motivated" by protected activity by presenting evidence that "(1) the defendants were aware of the protected activity; (2) the plaintiff directed his complaint to the defendants' actions; and (3) the alleged retaliatorily act 'was in close temporal proximity to the

7

protected activity.'" (Doc. # 174 at 14; Doc. # 191 at 5) (quoting *Allen v. Avance*,[2] 491 F. App'x 1, 6 (10th Cir. 2012)). However, that legal standard is inapplicable to the context of summary judgment.

The Tenth Circuit has held that the foregoing standard, originally established in *Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010), applies only to "the motion-to-dismiss stage, when the defendants [have] not yet had the opportunity to present evidence concerning their justification for the allegedly retaliatory action." *Dawson v. Audet*, 636 F. App'x 753, 758 n.5 (10th Cir. 2016); *see, e.g.*, *Rascon v. Douglas*, 718 F. App'x 587, 594 (10th Cir. 2017) (applying but for standard rather than *Gee* standard at summary judgment stage). Rather, at summary judgment,

> A plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place. An inmate claiming retaliation must allege *specific facts* showing retaliation *because of* the exercise of the prisoner's constitutional rights.

*Dawson*, 636 F. App'x at 758 (emphasis added) (quoting *Peterson*, 149 F.3d at 1144).

Additionally, "[c]lose temporal proximity alone is rarely sufficient . . . ." *Id.* (citing *Trant v. Oklahoma*, 754 F.3d 1158, 1170 (10th Cir. 2014) ("[T]emporal proximity between the protected speech and the alleged retaliatory conduct, without more, does not allow for an inference of a retaliatory motive.")). More specifically, evidence of temporal proximity is insufficient to establish a retaliatory motive when independent evidence demonstrates a non-retaliatory motive. *See id.*

---

[2] This case "is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel." 91 F. App'x at 1.

In the instant case, Plaintiff has failed to establish that his termination from the Program would not have occurred but for a retaliatory motive. Plaintiff has presented evidence that his termination from the Program occurred within a close temporal proximity to his submission of various grievances. (Doc. # 174-10 at 2.) Defendants, on the other hand, presented substantial evidence that Plaintiff was "terminated for repeated negative behaviors that interfered with [his] own therapeutic progress, and the therapeutic progress of others," which occurred "after multiple attempts to get [him] to alter [his] aggressive/threatening behaviors . . . ." (Doc. # 164-1 at 7; Doc. # 164-2 at 18–25; Doc. # 164-3 at 1, 4.) In particular, Defendants submitted evidence that the day before Plaintiff was terminated, he disrupted a class, raised his voice at the instructor, and caused her to feel threatened by "posturing, blocking the exit of the classroom door, and yelling with angry facial expressions." (Doc. # 164-1 at 6; Doc. # 164-3 at 2.) Notably, exhibiting violent or threatening behavior constitutes grounds for expulsion from the Program, as is a failure to make progress in treatment. (Doc. # 164-1 at 25–30.)

Moreover, to the extent Plaintiff's retaliation claim is premised on his own subjective conclusions regarding the reason for his termination, that evidence is insufficient to establish a retaliatory motive. *Banks v. Katzenmeyer*, 645 F. App'x 770, 773 n.2 (10th Cir. 2016); *Nielander v. Bd. Of Cty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009) ("A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient to create a genuine issue of fact" for purposes of a First Amendment retaliation claim). Further, Plaintiff's general denials of

Defendant Jackson's version of events on April 22, 2013, are insufficient to create a genuine dispute of material fact. *J. Lee Browning Belize Trust v. Lynton*, No. 16-cv-02078-NYW, 2019 WL 176825, at *4 (D. Colo. January 11, 2019) (citing *Sartori v. Susan C. Little & Assocs., P.A.*, 571 F. App'x 677, 680 (10th Cir. 2014) ("conclusory, self-serving, and generalized denials . . . are insufficient at the summary judgment statge.")). Accordingly, the immediacy of Plaintiff's termination relative to his submission of the grievances in question cannot overcome the fact that Plaintiff engaged in conduct that independently supports a termination decision the day before. *Dawson*, 636 F.3d at 758.

Thus, Plaintiff has failed to present the "specific facts" he was required to produce "showing retaliation because of the exercise of [his] constitutional rights." *Peterson*, 149 F.3d at 1144. As such, summary judgment is warranted because Plaintiff has failed to demonstrate a genuine issue of material fact concerning Defendants' retaliatory motive.

### IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS that Magistrate Judge Neureiter's Report and Recommendation (Doc. # 190) is AFFIRMED and ADOPTED as an Order of this Court; it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. # 164) is GRANTED.

The Clerk of the Court respectfully is directed to enter judgment in Defendants' favor and terminate this action.

DATED: February 26, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge